UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETIMIA METCALF,
o/b/o C.A.M.I.M.J., a minor,

                Plaintiff,        Civil Action No. 20-11055
                                       Honorable David M. Lawson
v.                                      Magistrate Judge David R. Grand

COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.
_____/

**REPORT AND RECOMMENDATION ON
CROSS-MOTIONS FOR SUMMARY JUDGMENT (ECF Nos. 15, 19)**

Petimia Metcalf brings this action on behalf of her minor daughter, C.A.M.I.M.J. ("Plaintiff"),[1] pursuant to 42 U.S.C. § 405(g), challenging the final decision of Defendant Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). Both parties have filed summary judgment motions (ECF Nos. 15, 19), which have been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

**I.    RECOMMENDATION**

For the reasons set forth below, the Court finds that the Administrative Law Judge's ("ALJ") conclusion that Plaintiff is not disabled under the Act is supported by substantial evidence. Accordingly, the Court recommends that the Commissioner's Motion for

---

[1] For convenience, the Court will refer to C.A.M.I.M.J., the minor child, as "Plaintiff" throughout this brief, although her mother, Petimia Metcalf, is the named plaintiff in this action.

Summary Judgment **(ECF No. 19)** be **GRANTED**, Plaintiff's Motion for Summary Judgment **(ECF No. 15)** be **DENIED**, and that, pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision be **AFFIRMED**.

**II.   REPORT**

    **A.   Procedural History**

Plaintiff was born on November 28, 2012, making her almost four years old at the time her application for SSI was filed on September 19, 2016. (PageID.234-39, 254).[2] She alleges disability primarily as a result of "breathing problems" and seizures. (PageID.249).

Plaintiff's application was denied initially on February 27, 2017. (PageID.185-88). After a timely request for an administrative hearing was filed, a hearing was held on May 18, 2018, before ALJ Kevin Fallis. (PageID.145-74). Ms. Metcalf appeared on Plaintiff's behalf and testified at the hearing, having waived Plaintiff's right to representation. (PageID.145-74, 229). On October 30, 2018, the ALJ issued a written decision finding that Plaintiff is not disabled under the Act. (PageID.82-97). On January 22, 2020, the Appeals Council denied review. (PageID.37-42). On behalf of Plaintiff, Ms. Metcalf timely filed for judicial review of the final decision on April 30, 2020. (ECF No. 1).

    **B.   Framework for Child Disability Determinations**

A child under age eighteen is considered "disabled" within the meaning of the Act if he or she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or

---

[2] Standalone citations to "PageID.___" are all to the administrative transcript in this case, which can be found at ECF No. 12.

which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Social Security regulations set forth a sequential three-step process for determining a child's disability claims: first, the child must not be engaged in "substantial gainful activity"; second, the child must have a "severe" impairment; and third, the severe impairment must meet, medically equal, or functionally equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings"). *See* 20 C.F.R. § 416.924(a).

To "meet" a listed impairment, a child must demonstrate both the "A" and "B" criteria of the impairment. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1. Paragraph A of the Listings is a composite of medical findings that are used to substantiate the existence of a disorder, whereas the purpose of the paragraph B criteria is to describe impairment-related functional limitations that are applicable to children. *See id.* Further, to be found disabled based on meeting a listed impairment, the claimant must exhibit all the elements of the Listing. *See Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003).

If a child's impairment does not "meet" a listed impairment, the impairment may still be medically or functionally equal in severity and duration to the medical criteria of a listed impairment. *See* 20 C.F.R. § 416.926a. "Medical equivalency is covered by 20 C.F.R. § 416.926; functional equivalency is covered by Section 416.926a." *Vansickle v. Comm'r of Soc. Sec.*, 277 F. Supp. 2d 727, 729 (E.D. Mich. 2003).

"To determine medical equivalence, the Commissioner compares the symptoms, signs, and laboratory findings concerning the alleged impairment with the medical criteria

3

of the listed impairment." *Walls v. Comm'r of Soc. Sec.*, No. 1:08CV254, 2009 WL 1741375, at *8 (S.D. Ohio June 18, 2009) (citing 20 C.F.R. § 416.926(a)). A claimant can demonstrate medical equivalence in any of three ways:

> (1) by demonstrating an impairment contained in the Listings, but which does not exhibit one or more of the findings specified in the particular Listing, or exhibits all of the findings but one or more of the findings is not as severe as specified in the particular Listing, if the claimant has other findings related to his impairment that are at least of equal medical significance to the required criteria;
>
> (2) by demonstrating an impairment not contained in the Listings, but with findings at least of equal medical significance to those of some closely analogous listed impairment; or
>
> (3) by demonstrating a combination of impairments, no one of which meets a Listing, but which in combination produce findings at least of equal medical significance to those of a listed impairment.

*Evans ex rel. DCB v. Comm'r of Soc. Sec.*, No. 11-11862, 2012 WL 3112415, at *6 (E.D. Mich. Mar. 21, 2012) (quoting *Koepp v. Astrue*, No. 10-C-1002, 2011 WL 3021466, at *10 (E.D. Wis. July 22, 2011)); *see also* 20 C.F.R. § 416.926. "The essence of these subsections is that strict conformity with the Listing Requirements is not necessarily required for a finding of disability. If a plaintiff is only able to demonstrate most of the requirements for a Listing, or if he or she is able to demonstrate analogous or similar impairments to the impairments of a Listing, the plaintiff may nonetheless still satisfy the standards if the plaintiff can show impairments of equal medical significance." *Evans*, 2012 WL 3112415, at *7 (quoting *Emeonye v. Astrue*, No. 04-03386 SC, 2008 WL 1990822, at *4 (N.D. Cal. May 5, 2008)).

Regarding functional equivalence, there are six "domains" that an ALJ considers:

4

(1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for oneself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a. Functional equivalence to a listed impairment exists when the child has an "extreme" limitation in one of the six domains or "marked" limitations in two of the six. *See* 20 C.F.R. § 416.926a(d). An "extreme" limitation exists when a child's impairment(s) interferes "very seriously" with the child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e)(3)(i). A "marked" limitation results if the child's impairment(s) interferes "seriously" with the child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e)(2)(i).

### C. The ALJ's Findings

At Step One, the ALJ found that Plaintiff has not engaged in substantial gainful activity since September 19, 2016, the application date. (PageID.85). At Step Two, the ALJ found that Plaintiff has the severe impairments of asthma, allergic rhinitis, anemia, a seizure disorder, a mood disorder, insomnia, attention deficit hyperactivity disorder ("ADHD"), reactive attachment disorder (of infancy or early childhood), fetal alcohol syndrome spectrum disorder, and rule out oppositional defiant disorder.[3] (*Id.*). At Step Three, the ALJ concluded that these impairments do not meet or medically equal a listed

---

[3] Apparently, Ms. Metcalf used alcohol, tobacco, marijuana, and crack cocaine while pregnant with Plaintiff. (PageID.47). Indeed, Ms. Metcalf reported that much of her pregnancy was "difficult to remember due to substance abuse." (*Id.*). However, Plaintiff received Early-On services (speech, occupational therapy, and developmental supports) from birth to three years of age, which seem to have helped her reach milestones appropriately. (*Id.*).

impairment. (*Id.*). The ALJ also found that Plaintiff's impairments do not functionally equal any Listing because she has less than marked limitations in the functional domains of acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, and health and physical well-being, and no limitation in the domain of caring for herself. (PageID.86-96). Accordingly, the ALJ determined that Plaintiff is not disabled under the Act. (PageID.97).

### D. Standard of Review

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal citations omitted). The phrase "substantial evidence" is a "term of art …." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Id.* (internal citations omitted). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence … is 'more than a mere scintilla.'" *Id.* (internal citations omitted). Specifically, "[i]t means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (internal citations omitted).

When reviewing the Commissioner's factual findings, the court is limited to an examination of the record and must consider the record as a whole. *See Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007); *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The court "may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council," or in this case, the ALJ. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001); *Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989). There is no requirement, however, that either the ALJ or this court discuss every piece of evidence in the administrative record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[A]n ALJ can consider all evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal quotations omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted).

### E. Analysis

#### 1. Substantial Evidence Supports the ALJ's Step Three Determination

As set forth above, for children, the Listings "describe[] impairments that cause marked and severe functional limitations." 20 C.F.R. § 416.925(a). At Step Three of the sequential evaluation, Plaintiff was required to demonstrate that her medical conditions meet, medically equal, or functionally equal one of the Listings. *See* 20 C.F.R. §

416.924(d). In her motion for summary judgment, Plaintiff appears to challenge the ALJ's evaluation of both her asthma and her mental impairments, each of which is discussed below.[4]

### a. Plaintiff's Asthma

Plaintiff first contends that substantial evidence does not support the ALJ's conclusion that her asthma did not satisfy the Listings' criteria. (ECF No. 15, PageID.754). But, to show that her asthma meets a Listing, Plaintiff would have to show that she was hospitalized three times in a twelve-month period for asthma, with each hospitalization lasting at least 48 hours. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 103.3. The record simply does not contain such evidence. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (for an impairment to meet a Listing, "it must meet *all* of the specified medical criteria"); (*see also* PageID.85 (ALJ found that Plaintiff did not meet this Listing because she did not experience the required hospitalizations)).[5]

---

[4] Although Plaintiff's motion fails to clearly articulate her arguments and/or identify the records that she believes demonstrate her entitlement to the relief she seeks, *pro se* litigants are held to a less stringent standard than an attorney, and their papers should be liberally construed. *See Toma v. 38th Dist. Ct.*, No. 18-11066, 2019 WL 1897157, at *2 (E.D. Mich. Apr. 29, 2019) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Thus, the Court is giving Plaintiff the benefit of the doubt by liberally construing the arguments she seems to raise.

[5] The Administration can find that a claimant's condition medically equals a Listing when it does not precisely match a Listing's criteria, but only when the claimant has "other findings related to [her] impairment that are at least of equal medical significance to the required criteria." 20 C.F.R. § 416.926(b)(1)(ii). Here, Plaintiff does not point to any medical findings that could possibly substitute for her lack of repeated asthma-related hospitalizations. She did visit the emergency room and/or urgent care on a few occasions for cough, congestion, and/or upper respiratory issues, but was never admitted. (*E.g.*, PageID.509, 515, 532, 568, 580, 584). This simply is insufficient.

Substantial evidence also supports the ALJ's finding that Plaintiff's asthma does not functionally equal a Listing. As set forth above, an impairment functionally equals a Listing when it "result[s] in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain." 20 C.F.R. § 416.926a(a). And, again, a limitation is "marked" when it "interferes seriously with [the claimant's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). A limitation is "extreme" when it "interferes very seriously with [the claimant's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i).

The ALJ concluded that Plaintiff's asthma does not cause marked limitations in any of the six functional domains – acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, caring for herself, or health and physical well-being. (PageID.91-96). In support of these conclusions, the ALJ discussed Teacher Questionnaires submitted by Plaintiff's teachers in April 2018, which indicate that her asthma causes "no physical effects" and "does not seem to interfere with school functions." (PageID.90) (citing PageID.306, 314). Moreover, at the vast majority of her visits to her primary care physician – even when she had conditions such as a cough, cold, or congestion – it was noted that her lungs were clear, with no crackles, wheezing, grunting, or retractions. (*E.g.*, PageID.333, 342, 353, 358, 380, 396, 406-07, 428, 446, 468, 477, 486 (even after visit to emergency room over the weekend, where she was given steroids and breathing treatments), 495). At visits for a school physical (in April 2017) and a well child visit (in June 2017), Ms. Metcalf expressed no concerns about Plaintiff's asthma. (PageID.619, 632). And, indeed, despite her asthma,

Plaintiff could run, jump, participate in gymnastics, "play outside a lot when the weather is nice," "play outside and run around as much as she can," skate, and play soccer. (PageID.631, 664, 681, 701).

For all of these reasons, substantial evidence supports the ALJ's conclusion that Plaintiff's asthma does not meet, medically equal, or functionally equal a Listing.

### b. Plaintiff's Mental Impairments

Plaintiff's motion also appears to challenge the ALJ's evaluation of her mental impairments, referencing diagnoses of ADHD, disruptive mood dysregulation disorder, insomnia, and fetal alcohol syndrome. (ECF No. 15, PageID.755). The ALJ analyzed Plaintiff's mental impairments under Listings 112.04 (Depressive, bipolar and related disorders), 112.08 (Personality and impulse-control disorders), and 112.11 (Neurodevelopmental disorders), explaining that the evidence was insufficient to find that she meets or medically equals any of these Listings. (PageID.86). In her motion for summary judgment, Plaintiff points to no evidence contradicting these conclusions.

In addition, the ALJ cited several pieces of evidence – none of which Plaintiff challenges – that amply support his conclusion that Plaintiff's mental impairments do not functionally equal a Listing because they do not result in marked or extreme limitations in any of the six functional domains. Such evidence includes:

- Ms. Metcalf described Plaintiff as "very smart," performing excellently in school, getting along with her teachers, playing well with other children, and having a lot of friends. (PageID.87, 153-54, 394, 701).

- Plaintiff's teachers reported that they had no concerns about her learning new material. (PageID.89, 309).

- By age five, Plaintiff had almost no problem interacting with others in the school setting and displayed little aggression there. (PageID.89, 303, 743).

- Reports from Plaintiff's teachers – which the ALJ gave partial weight – stated that Plaintiff does not have serious problems in any of the six functional domains. (PageID.90, 301-06, 309-14).

- Plaintiff attended a gymnastics club weekly, was good at gymnastics, and enjoyed the sport. (PageID.90, 663, 743).

- Plaintiff knew "her colors, numbers, ABC's, and how to spell/write her name." (PageID.92, 743).

- After beginning psychiatric treatment in February 2017, at which time she was assessed with a Global Assessment of Functioning ("GAF") score of 52, Plaintiff subsequently received a GAF score of 65 in May 2018, which reflects "only mild symptoms" and shows significant improvement in her functioning. (PageID.57, 93, 739). *See also Risak v. Comm'r of Soc. Sec.*, No. 12-10185, 2013 WL 3213131, at *5 (E.D. Mich. June 26, 2013).

- Plaintiff had established bladder and bowel control, could bathe and brush her teeth on her own, could make herself simple meals using a microwave, and could dress herself. (PageID.95, 742).

Moreover, even though it was not cited by the ALJ,[6] there is additional evidence in the record that supports his conclusion that Plaintiff's mental impairments do not functionally equal a Listing. For example, the record shows:

- Plaintiff's language was "normal and 100% intelligible" at age four. (PageID.606).

- Plaintiff's doctor noted that she had "no delays in gross motor, fine motor, language, or social development" in April 2017. (PageID.620).

- Ms. Metcalf denied that Plaintiff had "excessive crying, behavior problems, hyperactivity, anger problems, and depress[ion]" in June 2017. (PageID.634).

---

[6] *See Engebrecht v. Comm'r of Soc. Sec.*, 572 F. App'x 392, 396 (6th Cir. 2014) ("When reviewing the ALJ's decision for substantial evidence, this court 'may look to any evidence in the record, regardless of whether it has been cited' by the ALJ.") (quoting *Heston*, 245 F.3d at 535).

- Ms. Metcalf stated that Plaintiff had "no health concerns" in March 2018. (PageID.669). Similarly, Ms. Metcalf "expressed no concerns" at checkups in April and June 2017. (PageID.619, 632).

- Plaintiff's medical provider characterized her activities of daily living as "[g]ood" in January 2018. (PageID.684).

- In a March 2018 diagnostic evaluation, it was concluded that Plaintiff did not have marked limitations in the areas of communication and reciprocal social interaction, nor did she have a significant degree of restricted and repetitive behaviors. (PageID.745-76).

For all of the above reasons, and upon an independent review of the entire record, the Court concludes that the ALJ's evaluation of Plaintiff's mental impairments – as well as his decision as a whole – is supported by substantial evidence.

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the Commissioner's Motion for Summary Judgment **(ECF No. 19)** be **GRANTED**, Plaintiff's Motion for Summary Judgment **(ECF No. 15)** be **DENIED**, and the ALJ's decision be **AFFIRMED**.

Dated: May 7, 2021  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

### **NOTICE**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*,

474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. L.R. 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 7, 2021.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager