UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETIMIA METCALF,
on behalf of C.A.M.I.M.J., a minor,

                Plaintiff,              Case Number 20-11055
                                         Honorable David M. Lawson
v.                                  Magistrate Judge David R. Grand

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AFFIRMING THE FINDINGS OF THE COMMISSIONER, AND DISMISSING COMPLAINT

Petimia Metcalf filed the present action *pro se* on behalf of her minor daughter, plaintiff C.A.M.I.M.J., seeking review of the Commissioner's decision denying her claim for Supplemental Security Income benefits (SSI) under Title XVI of the Social Security Act. The case was referred to United States Magistrate Judge David R. Grand under 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and remand the case for an award of benefits or for further consideration by the administrative law judge (ALJ). The defendant filed a motion for summary judgment to affirm the decision of the Commissioner. Judge Grand filed a report on May 7, 2021, recommending that the defendant's motion for summary judgment be granted, the plaintiff's

motion for summary judgment be denied, and the decision of the Commissioner be affirmed. The plaintiff filed timely objections, and the defendant filed a response. The matter is now before the Court.

The plaintiff filed the current application for SSI benefits on behalf of her daughter, who is now eight years old, on September 19, 2016, when the child was three years old. The plaintiff alleges that her daughter is disabled due to asthma, bronchitis, insomnia, seizure disorder, attention deficit hyperactivity disorder (ADHD), autism spectrum disorder, mood disorders, and fetal alcohol syndrome.

The application for disability benefits was denied initially on February 27, 2017. The plaintiff timely filed a request for an administrative hearing, and on May 18, 2018, a hearing was held before ALJ Kevin Fallis. The plaintiff appeared on the child's behalf, waived her daughter's right to representation, and testified at the hearing. On October 30, 2018, ALJ Fallis issued a written decision in which he found that C.A.M.I.M.J. was not disabled. On January 22, 2020, the Appeals Council denied the plaintiff's request for review of the ALJ's decision. On November 27, 2019, the plaintiff filed a *pro se* complaint on her daughter's behalf seeking judicial review of the denial of her daughter's request for benefits.

ALJ Fallis determined that C.A.M.I.M.J. was not disabled by applying the three-step sequential analysis for determining a child's disability claims prescribed by the Secretary in 20 C.F.R. § 416.924(a). At step one of the analysis, the ALJ found that C.A.M.I.M.J. had not engaged in substantial gainful activity since September 19, 2016. At step two, he found that C.A.M.I.M.J.

suffered from the severe impairments of asthma, allergic rhinitis, anemia, seizure disorder, mood disorder, insomnia, ADHD, reactive attachment disorder (of infancy or early childhood), and fetal alcohol syndrome spectrum disorder.  The ALJ determined that the impairment of autism spectrum disorder was not severe.  At step three, the ALJ found that none of the severe impairments, alone or in combination, met a listing in the regulations, nor were they medically or functionally equivalent to a listed impairment.

In her motion for summary judgment, the plaintiff alleged that ALJ Fallis overlooked the conditions from which the child suffered since 2016, including her asthma, bronchitis, ADHD, insomnia, and mood disorders, and that substantial evidence did not support the ALJ's determination at step three.

The magistrate judge rejected that argument, finding that substantial evidence supported the ALJ's ultimate disability determination.  The magistrate judge found that the plaintiff failed to show that her asthma met a listing in the regulations because she could not demonstrate that she was hospitalized three times in a twelve-month period for asthma, with each hospitalization lasting at least 48 hours, as required.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 103.3.  He also found that substantial evidence, based on medical records and teacher questionnaires, supports the ALJ's finding that the child's asthma does not functionally equal a listed impairment because her condition does not cause marked limitations in any of the six functional domains — acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, caring for herself, or health and physical well-being.

The magistrate judge also observed that the plaintiff pointed to no evidence contradicting the ALJ's conclusion that the child's mental impairments (ADHD, disruptive mood dysregulation disorder, insomnia, and fetal alcohol syndrome) alone or in combination did not meet or equal a listed impairment in the regulations.  The magistrate judge found that substantial evidence supported that conclusion because the ALJ relied on several, unchallenged pieces of evidence that amply supported his decision, which included statements from the plaintiff and the child's teachers indicating that the child is smart and performs well at academic and physical activities, school records indicating that the child has no problem interacting with students and behaves well, and improving psychiatric Global Assessment Functioning scores which reflect mild symptoms.  The magistrate judge pointed to additional, corroborating evidence that the ALJ did not cite, including records indicating that the child's language skills are normal, medical records reflecting adequate motor skills and no problems with daily functioning, statements from the plaintiff indicating that the child behaves well without significant outbursts, and a March 2018 diagnostic evaluation concluding that the child did not have marked limitations with social interaction and that she did not exhibit significantly restricted and repetitive behaviors.

The plaintiff filed one objection to the magistrate judge's report and recommendation, which mostly repeats her summary judgment argument.

The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S.

667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  This fresh review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part.  28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985).  As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The plaintiff contends that the ALJ's findings are "not true at all because [the child] has been diagnosed with asthma, seizure disorder, mood disorder, [and] fetal alcohol syndrome spectrum disorder," and her impairments are sufficiently severe to require daily medication.  She also accuses the government of misrepresenting facts about the child's good behavior, maintaining that her behavior has been poor and has gotten worse after attending school remotely at home due to the coronavirus pandemic.

The Commissioner does not take issue with the plaintiff's observations about her daughter.  However, decisions about disability under the Social Security Act must be based on the evidence

in the record, which the Commissioner assesses in the first instance.  The Social Security system established by Congress is comprised of an administrative level at which claims are adjudicated, and a judicial level at which administrative decisions are reviewed by the federal courts solely to determine if they are within statutory authority and are not arbitrary and capricious.  *See Sullivan v. Zebley*, 493 U.S. 521 (1990).  At the administrative level, the state agency, pursuant to authority delegated by the Social Security Administration, makes the initial determination and processes the first appeal.  *See Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).  Thereafter, a claimant may seek review before an administrative law judge.  Considering and weighing both favorable and unfavorable medical evidence is the proper role of the ALJ, with which courts cannot interfere if his ultimate conclusion is supported by substantial evidence — a low bar, consisting of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, --- U.S. ---, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison*, 305 U.S. 197, 229 (1938)); *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion.  *Smith v. Sec'y of Health & Human Servs.,* 893 F.2d 106, 108 (6th Cir. 1989).  The substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts."  *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotation marks and citations omitted).  Thus, the Court "may not try the case *de novo,* nor resolve conflicts in evidence, nor decide questions of credibility."  *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)

-6-

The plaintiff contends that the decisions of the ALJ and the magistrate judge "are built on lies." However, as the magistrate judge discussed in his thorough report, the conclusions are supported by "substantial evidence." No one has argued that the plaintiff's daughter was not diagnosed with her many impairments. However, to receive Social Security benefits, the impairments must rise to a certain level, which is explicitly defined in detailed lists set out in the regulations. To qualify as "disabled" under a Listing in the Secretary's regulations, a claimant must demonstrate that he or she meets *all* of the criteria contained in the Listing. *See Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 855 (6th Cir. 1986). The ALJ explained why the plaintiff here did not meet her burden of proof on that score, and, as the magistrate judge found, that determination was support by substantial evidence, which consisted of the plaintiff's daughter's medical and school records, and testimony by the plaintiff herself.

After a fresh review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion. The Court has considered the plaintiff's objection to the report and finds it to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation (ECF No. 20) is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections (ECF No. 21) are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment (ECF No. 15) is **DENIED**.

-7-

It is further **ORDERED** that the defendant's motion for summary judgment (ECF No. 19) is **GRANTED**.  The findings of the Commissioner are **AFFIRMED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date:   August 2, 2021